### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **ALEC POPIVKER,** | : | |
| | : | **CASE NO.** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | **JUDGE:** |
| **CUYAHOGA COUNTY, OHIO** | : | |
| | : | |
| **and** | : | |
| | : | **PLAINTIFF'S COMPLAINT AND JURY** |
| **HAROLD PRETEL, in his individual** | : | **DEMAND** |
| **capacity,** | : | |
| | : | |
| **and** | : | |
| | : | |
| **ABBAS HAMIDEH, in his individual** | : | |
| **capacity,** | : | |
| | : | |
| | : | |
| **Defendants.** | : | |
| | : | |
| | : | |

COMES NOW Plaintiff Alec Popivker ("Plaintiff"), by and through his undersigned legal counsel, and for his Complaint against Defendants Cuyahoga County, Harold Pretel ("Pretel"), and Abbas Hamideh ("Hamideh") alleges as follows:

### JURISDICTION AND VENUE

1. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because the Plaintiff's federal claims arise under the Constitution and laws of the United States.

2. This Court has supplemental jurisdiction over Plaintiff's state law claims because they share a common nucleus of operative fact and/or arise out of the same transactions or occurrences as his federal claims.

3.  Venue with this Court is appropriate pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in this judicial district.

## THE PARTIES

4.  Plaintiff Alec Popivker is Jewish in ethnicity and faith. Plaintiff is a resident of this judicial district.

5.  The Cuyahoga County Sheriff's Department is a law enforcement agency located in Cuyahoga County in Cleveland, Ohio.

6.  Defendant Cuyahoga County is responsible for the acts and omissions of the Cuyahoga County Sheriff's Department.

7.  Defendant Harold Pretel is the Sheriff employed by the Cuyahoga County Sheriff's Department. He is sued in his individual capacity.

8.  Defendant Abbas Hamideh is a Security Guard employed by the Cuyahoga County Sheriff's Department. Upon information and belief, Hamideh is a practicing Muslim and/or of Palestinian descent. He is sued in his individual capacity.

## STATEMENT OF FACTS

9.  Plaintiff has been a vocal advocate for the rights of Israel and the Jewish people since 2020.

10. Following the October 7, 2023, Hamas-led attack on Israel (the "October 7th Attack), Plaintiff became an active and outspoken supporter for the existence of a Jewish state in Israel and its right to self-defense.

11.  The October 7th Attack is not a niche issue. Rather, it has been widely debated and received significant public attention in the United States and the world at large.

12.  Citizens in Cleveland and Cuyahoga County likewise engaged in this debate.

13. The Israel-Palestine debate, the October 7th Attack, and the events following it have been
contentious issues, drawing strong opinions and involvement from many members of the
community, including both the Plaintiff and Hamideh.

14. Plaintiff has taken the public position that he supports Israel's right to exist, its right to
defend itself, and its response to the October 7th Attack.

15. In contrast to Plaintiff, Defendant Hamideh holds opposing views regarding the Israel-
Palestine debate. For example:

    a. Upon information and belief, Defendant Hamideh has publicly and repeatedly
denied Israel's right to exist as a sovereign state.



b.  Upon information and belief, Defendant Hamideh has expressed support for the October 7th Attacks.



16. Over time, Plaintiff and Defendant Hamideh have become acquainted through their respective and active engagements in discussions, debates, protests, and events surrounding the Israel-Palestine issue.

17. They are both known within the community for their involvement in this ongoing public discourse.

18. Plaintiff and Defendant Hamideh know each other from their involvement in protesting for their respective positions.



4

19. Upon information and belief, Defendant Hamideh has been employed as a Security Officer with the Cuyahoga County Sheriff's Department since January 8, 2007.

20. Upon information and belief, the Sheriff's Department and Defendant Pretel are fully aware of Defendant Hamideh's abovementioned views and have been aware of these views for a period of time.

21. Upon information and belief, during a time period unknown but preceding the events giving rise to Plaintiff's claims, an investigation into Defendant Hamideh's rhetoric and views, and how they might impact the performance of his job duties, was conducted by the Cuyahoga County Sheriff's Department.

22. On August 28, 2024, Plaintiff visited the Cuyahoga County Courthouse.

23. Plaintiff was dressed wearing his tallit, a fringed garment worn as a prayer shawl by religious Jews, and his yarmulke.

24. Plaintiff observed Hamideh in uniform working the security guard desk on Floor 16.

25. Plaintiff, while in a public space, took a photograph or recording of Hamideh using his cellphone.

26. The act of taking the photograph was lawful, as it occurred in a public setting where Defendant Hamideh had no reasonable expectation of privacy.

27. The act of taking the photograph did not meaningfully interfere with Defendant Hamideh's job duties.

28. No Local Rule of the Cuyahoga County Court of Common Pleas prohibited the use of phones in the hallways of the Courthouse.

29. Upon realizing that Plaintiff had taken a photograph, Defendant Hamideh became visibly angry.

30. Defendant Hamideh, in response to Plaintiff's lawful action, got up and proceeded to follow the Plaintiff to the elevator, insisting that Plaintiff had violated the Courthouse rules by recording in the hallway/lobby area.

31. In the course of this confrontation, Defendant Hamideh escalated to physical violence, and forcefully engaged with the Plaintiff by trying to take his phone from him.



32. Defendant Hamideh ripped Plaintiff's phone from his hand, causing the case to tear in the process.

33. Defendant Hamideh called for backup deputies and falsely alleged that Plaintiff had assaulted him.

34. In an effort to escape his aggressor, Plaintiff called an elevator. However, Defendant Hamideh proceeded to follow and assault Plaintiff.

35. Once the elevator had been called, Defendant Hamideh pushed the Plaintiff into the elevator wall.

36. During this assault, Defendant Hamideh ripped the Plaintiff's shirt and attacked him with what Plaintiff believes to be liquid mace.

37. Once the elevator stopped on the first floor, additional deputies and police officers confronted Plaintiff.

38. During this confrontation, Defendant Hamideh asserted a false narrative that Plaintiff assaulted him.

**FIRST CAUSE OF ACTION:**
**FIRST AMENDMENT RETALIATION, 42 U.S.C. § 1983**
**Freedom of Speech**
**(As to Defendant Hamideh)**

39. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully restated herein and further alleges that the actions of Defendant violated his First Amendment right to free speech.

40. The First Amendment of the United States Constitution prohibits Congress, and by incorporation state actors, from restricting the rights of individuals to speak freely.

41. Plaintiff engaged in constitutionally protected speech under the First Amendment by publicly supporting the existence of a Jewish state.

42. At all times relevant, Hamideh was employed by the Sheriff's Department and was acting within the course and scope of his employment.

43. Hamideh, acting under color of state law, engaged in retaliatory conduct by forcefully assaulting the Plaintiff and arresting Plaintiff without probable cause.

44. Hamideh's retaliatory actions were motivated by Plaintiff's exercise of free speech and were intended to suppress or punish Plaintiff for engaging in that speech.

45. "[T]he First Amendment right to criticize public officials is well-established […] Furthermore, it is well-established that a public official's retaliation against an individual

exercising his or her First Amendment rights is a violation of § 1983." *Barrett v. Harrington*, 130 F.3d 246, 264 (6th Cir.1997).

46. "The freedom of individuals verbally to oppose or to challenge police action without thereby risking arrest is one of the principal characteristics by which we distinguish a free nation from a police state." *Houston v. Hill*, 482 U.S. 451, 461-463, 107 S.Ct. 2502, 96 L.Ed.2d 398 (1987).

47. The First Amendment of the federal Constitution "protects a significant amount of verbal criticism and challenge directed at police officers." *Id.* at 461. Unless the speech is "likely to produce a clear and present danger of a serious substantive evil that rises far above public inconvenience, annoyance, or unrest[,]" the speech is protected under the First Amendment. *Id.* (quoting *Terminiello v. Chicago*, 337 U.S. 1, 4, 69 S.Ct. 894, 93 L.Ed. 1131 (1949)).

48. As the Supreme Court has repeatedly concluded, laws have been invalidated when they "provide the police with unfettered discretion to arrest individuals for words or conduct that annoy or offend them." *Houston v. Hill*, 482 U.S. 451, 465, 107 S.Ct. 2502, 96 L.Ed.2d 398 (1987).

49. Defendant's conduct violated Plaintiff's rights under the First Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment, and 42 U.S.C. § 1983.

50. As a direct and proximate result of Defendant's actions, Plaintiff has suffered harm, including, but not limited to, emotional distress, fear, anxiety, loss of reputation, embarrassment, humiliation, and the chilling of Plaintiff's future speech.

**SECOND CAUSE OF ACTION:**
**FIRST AMENDMENT RETALIATION, 42 U.S.C. § 1983**
**Freedom of Speech**
**(As to Defendant Hamideh)**

51. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully restated herein.

52. Plaintiff engaged in constitutionally protected speech under the First Amendment by using his cellphone to take a photograph and/or recording in a public space.

53. At all times relevant, Hamideh was employed by the Sheriff's Department and was acting within the course and scope of his employment.

54. Given the radical nature of Hamideh's viewpoint, his position with the Sheriff's Department is newsworthy as it sparks significant public debate and concerns within the community.

55. The act of taking the photograph was lawful, as it occurred in a public setting where Hamideh had no reasonable expectation of privacy.

56. The Cuyahoga County Local Rules do not prevent photography and recording in the lobby, elevator, or hallways of the courthouse.

57. In addition to the general lawfulness of Plaintiff's behavior, "the public has a First Amendment right to photograph and film police activities" *Freeman v. Spoljaric*, 667 F. Supp. 3d 636, 661-662 (S.D. Ohio 2023).

58. Hamideh, acting under color of state law, engaged in retaliatory conduct by forcefully assaulting the Plaintiff and arresting Plaintiff without probable cause.

59. Hamideh's retaliatory actions were motivated by Plaintiff's exercise of free speech and were intended to suppress or punish Plaintiff for engaging in that speech.

60. Defendant's conduct violated Plaintiff's rights under the First Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment, and 42 U.S.C. § 1983.

61. As a direct and proximate result of Defendant's actions, Plaintiff has suffered harm, including, but not limited to, emotional distress, fear, anxiety, loss of reputation, embarrassment, humiliation, and the chilling of Plaintiff's future speech.

### THIRD CAUSE OF ACTION:
### FIRST AMENDMENT RETALIATION, 42 U.S.C. § 1983
### Freedom of Speech
### (As to Defendant Cuyahoga County and Defendant Harold Pretel)

62. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully restated herein.

63. A governmental entity is responsible under § 1983 "when the execution of [its] policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury…." *Monell v. Dep't Servs. Of City of New York*, 436 U.S. 658, 694 (1978).

64. The Cuyahoga County and/or the Sheriff's Department has unconstitutional customs, policies, and procedures relating to protected speech within its jurisdiction.

65. The Sheriff's Department has failed to appropriately screen, hire, train, and discipline its officers in matters involving distinguishing between protected and unprotected speech within its jurisdiction.

66. The Sheriff's Department's failure to screen, hire, train, and discipline its officers in matters concerning protected speech amounts to deliberate indifference to the rights of persons with whom the officers come into contact.

67. Upon information and belief, Hamideh acted pursuant to the Sheriff's Department's customs, policies, and procedures when he deprived Plaintiff of his constitutional rights.

68. The Sheriff's Department was negligent in the hiring, supervision, and retention of Hamideh as it knew or should have known that Hamideh was likely to engage in the conduct that resulted in harm to Plaintiff.

69. At all times relevant, Pretel was the Cuyahoga County Sheriff and had the authority to oversee Hamideh's conduct, including the power to investigate, discipline, or terminate Hamideh for misconduct or policy violations.

70. Pretel was responsible for ensuring that Hamideah complied with all applicable laws, polices, and procedures in carrying out his duties.

71. Pretel was aware, or should have been aware, of Hamideh's anti-Semitic views, including Hamideh's denial of Israel's right to exist, vocal support for Hamas, and endorsement of terrorism.

72. Despite having knowledge of Hamideh's position and the authority to intervene, Pretel deliberately chose to take no action.

73. Pretel's inaction amounted to deliberate indifference to the foreseeable harm caused by Hamideh's conduct.

74. As a direct and proximate result of Defendants' actions, Plaintiff has suffered harm, including, but not limited to, deprivation of his constitutional rights, emotional distress, fear, anxiety, loss of reputation, embarrassment, and humiliation.

**FOURTH CAUSE OF ACTION:**
**FIRST AMENDMENT RETALIATION, 42 U.S.C. § 1983**
**Ethnicity-Based Retaliation**
**(As to Defendant Hamideh)**

75. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully restated herein.

76. Plaintiff, a man of Jewish ethnicity, engaged in constitutionally protected activity by dressing in a traditional tallit and yarmulke and by publicly supporting the existence of a Jewish state.

77. At all times relevant, Hamideh was employed by the Sheriff's Department and was acting within the course and scope of his employment.

78. Hamideh, acting under color of state law, engaged in retaliatory conduct by forcefully assaulting Plaintiff and arresting Plaintiff without probable cause because of Plaintiff's ethnicity.

79. Hamideh's retaliatory actions were motivated by Plaintiff's speech on matters of ethnicity and were intended to suppress or punish Plaintiff for engaging in this protected expression.

80. Hamideh's conduct was further motivated by Plaintiff's ethnicity, which was a substantial or motivating factor in the decision to retaliate against Plaintiff.

81. Hamideh's actions constituted not only a violation of Plaintiff's free speech rights but also an act of ethnic discrimination.

82. Defendant's conduct violated Plaintiff's rights under the First Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment, and 42 U.S.C. § 1983.

83. As a direct and proximate result of Defendant's actions, Plaintiff has suffered harm including, but not limited to, emotional distress, fear, anxiety, loss of reputation, embarrassment, humiliation, the chilling of Plaintiff's future speech, and ethnic-based stigma.

**FIFTH CAUSE OF ACTION:**
**FIRST AMENDMENT RETALIATION, 42 U.S.C. § 1983**
**Ethnicity-Based Retaliation**
**(As to Defendant Cuyahoga County and Defendant Harold Pretel)**

84. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully restated herein.

85. A governmental entity is responsible under § 1983 "when the execution of [its] policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury…." *Monell v. Dep't Servs. Of City of New York*, 436 U.S. 658, 694 (1978).

86. The Sheriff's Department has unconstitutional customs, policies, and procedures relating to ethnicity within its jurisdiction.

87. The Sheriff's Department has failed to appropriately screen, hire, train, and discipline its officers in matters involving ethnic discrimination within its jurisdiction.

88. The Sheriff's Department's failure to screen, hire, train, and discipline its officers in matters concerning ethnicity amounts to deliberate indifference to the rights of persons with whom the officers come into contact.

89. Upon information and belief, Hamideh acted pursuant to the Sheriff's Department's customs, policies, and procedures when he deprived Plaintiff of his constitutional rights.

90. The Sheriff's Department was negligent in the hiring, supervision, and retention of Hamideh as it knew or should have known that Hamideh was likely to engage in the conduct that resulted in harm to Plaintiff.

91. At all times relevant, Pretel was the Cuyahoga County Sheriff and had the authority to oversee Hamideh's conduct, including the power to investigate, discipline, or terminate Hamideh for misconduct or policy violations.

92.     Pretel was responsible for ensuring that Hamideah complied with all applicable laws, polices, and procedures in carrying out his duties.

93.     Pretel was aware, or should have been aware, of Hamideh's anti-Semitic views, including Hamideh's denial of Israel's right to exist, vocal support for Hamas, and endorsement of terrorism.

94.     Despite having knowledge of Hamideh's position and the authority to intervene, Pretel deliberately chose to take no action.

95.     Pretel's inaction amounted to deliberate indifference to the foreseeable harm caused by Hamideh's conduct.

96.     As a direct and proximate result of Defendants' actions, Plaintiff has suffered harm, including, but not limited to, emotional distress, fear, anxiety, loss of reputation, embarrassment, humiliation, the chilling of Plaintiff's future speech, and ethnic-based stigma.

### SIXTH CAUSE OF ACTION:
### FIRST AMENDMENT RETALIATION, 42 U.S.C. § 1983
### Religion-Based Retaliation
### (As to Defendant Hamideh)

97.     Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully restated herein.

98.     Plaintiff, a man of Jewish faith, engaged in constitutionally protected religious expression under the First Amendment by dressing in a traditional tallit and yarmulke and by publicly supporting the existence of a Jewish state.

99.     At all times relevant, Hamideh was employed by the Sheriff's Department and was acting within the course and scope of his employment.

100.    Hamideh, acting under color of state law, engaged in retaliatory conduct by forcefully assaulting Plaintiff and arresting Plaintiff without probable cause because of Plaintiff's religious expression or affiliation.

101.    Hamideh's retaliatory actions were motivated by Plaintiff's religious speech or practice and were intended to suppress or punish Plaintiff for engaging in protected religious expression.

102.    Hamideh's conduct was further motivated by animus toward Plaintiff's religion, or by hostility to Plaintiff's exercise of religious freedom, violating both Plaintiff's free speech rights and Plaintiff's free exercise of religion.

103.    Defendants' conduct violated Plaintiff's rights under the Free Speech and Free Exercise Clauses of the First Amendment, as applied to the states through the Fourteenth Amendment, and 42 U.S.C. § 1983.

104.    As a direct and proximate result of Defendants' actions, Plaintiff has suffered harm, including emotional distress, fear, anxiety, loss of reputation, embarrassment, humiliation, the chilling of religious expression, and a violation of Plaintiff's right to free exercise of religion.

**SEVENTH CAUSE OF ACTION:**
**FIRST AMENDMENT RETALIATION, 42 U.S.C. § 1983**
**Religion-Based Retaliation**
**(As to Defendant Cuyahoga County and Defendant Harold Pretel)**

105.    Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully restated herein.

106.    A governmental entity is responsible under § 1983 "when the execution of [its] policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said

to represent official policy, inflicts the injury….” *Monell v. Dep't Servs. Of City of New York*, 436 U.S. 658, 694 (1978).

107.   The Sheriff's Department has unconstitutional customs, policies, and procedures relating to religion within its jurisdiction.

108.   The Sheriff's Department has failed to appropriately screen, hire, train, and discipline its officers in matters involving the free exercise of religion within its jurisdiction.

109.   The Sheriff's Department's failure to screen, hire, train, and discipline its officers in matters concerning religion amounts to deliberate indifference to the rights of persons with whom the officers come into contact.

110.   Upon information and belief, Hamideh acted pursuant to the Sheriff's Department's customs, policies, and procedures when he deprived Plaintiff of his constitutional rights.

111.   The Sheriff's Department was negligent in the hiring, supervision, and retention of Hamideh as it knew or should have known that Hamideh was likely to engage in the conduct that resulted in harm to Plaintiff.

112.   At all times relevant, Pretel was the Cuyahoga County Sheriff and had the authority to oversee Hamideh's conduct, including the power to investigate, discipline, or terminate Hamideh for misconduct or policy violations.

113.   Pretel was responsible for ensuring that Hamideah complied with all applicable laws, polices, and procedures in carrying out his duties.

114.   Pretel was aware, or should have been aware, of Hamideh's anti-Semitic views, including Hamideh's denial of Israel's right to exist, vocal support for Hamas, and endorsement of terrorism.

16

115. Despite having knowledge of Hamideh's position and the authority to intervene, Pretel deliberately chose to take no action.

116. Pretel's inaction amounted to deliberate indifference to the foreseeable harm caused by Hamideh's conduct.

117. As a direct and proximate result of Defendants' actions, Plaintiff has suffered harm, including, but not limited to, emotional distress, fear, anxiety, loss of reputation, embarrassment, humiliation, the chilling of religious expression, and a violation of Plaintiff's right to free exercise of religion.

**EIGHTH CAUSE OF ACTION:**
**FOURTH AMENDMENT VIOLATION, 42 U.S.C. § 1983**
**Excessive Force**
**(As to Defendant Hamideh)**

118. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully restated herein and further alleges that the actions of the Defendant violated his Fourth Amendment rights.

119. At all times relevant, Hamideh was employed by the Sheriff's Department and was acting within the course and scope of his employment.

120. Hamideh's actions of grabbing Plaintiff's phone, slamming his head and body into the elevator wall, ripping his shirt, threatening to mace him, detaining and/or arresting him constituted the use of excessive force.

121. In view of all the circumstances surrounding the incident, Hamideh's use of force against Plaintiff was unwarranted.

122. Hamideh, acting under color of state law, deprived Plaintiff of the rights, privileges and immunities secured by the Fourth Amendment to the Constitution of the United States.

123.   "There is no dispute that the Fourth Amendment right of an individual to be free from the excessive use of force during an arrest is clearly established." *Andwan v. Village of Greenhills*, No. 1:13-cv-624, 2017 U.S. Dist. LEXIS 132982, at *27 (S.D. Ohio Aug. 21, 2017).

124.   As a direct and proximate result of Defendant's actions, Plaintiff has suffered harm, including, but not limited to, deprivation of his constitutional rights, emotional distress, fear, anxiety, loss of reputation, embarrassment, humiliation, property damage, and bodily injury.

<u>**NINTH CAUSE OF ACTION:**</u>
**FOURTH AMENDMENT VIOLATION, 42 U.S.C. § 1983**
**Excessive Force**
**(As to Defendant Cuyahoga County and Defendant Harold Pretel)**

125.   Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully restated herein.

126.   A governmental entity is responsible under § 1983 "when the execution of [its] policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury…." *Monell v. Dep't Servs. Of City of New York*, 436 U.S. 658, 694 (1978).

127.   The Sheriff's Department has unconstitutional customs, policies, and procedures relating to the use of force against persons within its jurisdiction.

128.   The Sheriff's Department has failed to appropriately screen, hire, train, and discipline its officers in matters involving the use of force by officers against persons.

129.   The Sheriff's Department's failure to screen, hire, train, and discipline its officers in matters concerning the use of force against persons amounts to deliberate indifference to the rights of persons with whom the officers come into contact.

130. Upon information and belief, Hamideh acted pursuant to the Sheriff's Department's customs, policies, and procedures when he deprived Plaintiff of his constitutional rights.

131. The Sheriff's Department was negligent in the hiring, supervision, and retention of Hamideh as it knew or should have known that Hamideh was likely to engage in the conduct that resulted in harm to Plaintiff.

132. At all times relevant, Pretel was the Cuyahoga County Sheriff and had the authority to oversee Hamideh's conduct, including the power to investigate, discipline, or terminate Hamideh for misconduct or policy violations.

133. Pretel was responsible for ensuring that Hamideah complied with all applicable laws, polices, and procedures in carrying out his duties.

134. Pretel was aware, or should have been aware, of Hamideh's use of excessive force.

135. Despite having the authority and ability to investigate or correct Hamideh's conduct, Pretel deliberately chose to take no action.

136. As a direct and proximate result of Defendants' actions, Plaintiff has suffered harm, including, but not limited to, deprivation of his constitutional rights, emotional distress, fear, anxiety, loss of reputation, embarrassment, humiliation, property damage, and bodily injury.

## TENTH CAUSE OF ACTION:
### FOURTH AMENDMENT VIOLATION, 42 U.S.C. § 1983
### Illegal Search & Seizure
### (As to Defendant Hamideh)

137. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully restated herein.

138.　The Fourth Amendment of the United States Constitution prohibits Congress, and by incorporation state actors, from unreasonably searching or seizing persons and their property.

139.　At all times relevant, Hamideh was employed by the Sheriff's Department and was acting within the course and scope of his employment.

140.　Hamideh's actions of grabbing Plaintiff's phone, cornering him in the elevator, and illegally arresting and/or detaining him constituted an illegal seizure in violation of the Fourth Amendment.

141.　In view of all the circumstances surrounding the incident, Hamideh's seizure of Plaintiff's person and property was unwarranted and without probable cause or reasonable suspicion.

142.　Hamideh, acting under color of state law, deprived Plaintiff of the rights, privileges and immunities secured by the Fourth Amendment to the Constitution of the United States.

143.　As a direct and proximate result of Defendant's actions, Plaintiff has suffered harm, including, but not limited to, deprivation of his constitutional rights, emotional distress, fear, anxiety, loss of reputation, embarrassment, humiliation, property damage, and bodily injury.

**<u>ELEVENTH CAUSE OF ACTION:</u>**
**FOURTH AMENDMENT VIOLATION, 42 U.S.C. § 1983**
**False Arrest**
**(As to Defendant Hamideh)**

144.　Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully restated herein.

145.　At all times relevant, Hamideh was a state actor and person acting under color of state law within the meaning of 42 U.S.C. § 1983.

146. Hamideh acted intentionally, with malice and knowing disregard for Plaintiff's constitutional rights, in falsely detaining and arresting him against his will.

147. Plaintiff was conscious of, and at no point consented to, the confinement by the Defendant.

148. The actions of Hamideh in falsely detaining and arresting the Plaintiff without warrant, reasonable suspicion or probable cause violated Plaintiff's Fourth Amendment rights pursuant to 42 U.S.C. § 1983.

149. As a direct and proximate result of Defendant's actions, Plaintiff has suffered harm, including, but not limited to, deprivation of his constitutional rights, emotional distress, fear, anxiety, loss of reputation, embarrassment, humiliation, property damage, and bodily injury.

### TWELVETH CAUSE OF ACTION:
### FOURTH AMENDMENT VIOLATION, 42 U.S.C. § 1983
### Illegal Search & Seizure
### (As to Defendant Cuyahoga County and Defendant Harold Pretel)

150. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully restated herein.

151. A governmental entity is responsible under § 1983 "when the execution of [its] policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury…." *Monell v. Dep't Servs. Of City of New York*, 436 U.S. 658, 694 (1978).

152. The Sheriff's Department has unconstitutional customs, policies, and procedures relating to the search and seizure of persons within its jurisdiction.

153. The Sheriff's Department has failed to appropriately screen, hire, train, and discipline its officers in matters involving the search and seizure of person within its jurisdiction.

21

154.  The Sheriff's Department's failure to screen, hire, train, and discipline its officers in matters concerning the search and seizure of persons amounts to deliberate indifference to the rights of persons with whom the officers come into contact.

155.  Upon information and belief, Hamideh acted pursuant to the Sheriff's Department's customs, policies, and procedures when he deprived Plaintiff of his constitutional rights.

156.  The Sheriff's Department was negligent in the hiring, supervision, and retention of Hamideh as it knew or should have known that Hamideh was likely to engage in the conduct that resulted in harm to Plaintiff.

157.  At all times relevant, Pretel was the Cuyahoga County Sheriff and had the authority to oversee Hamideh's conduct, including the power to investigate, discipline, or terminate Hamideh for misconduct or policy violations.

158.  Pretel was responsible for ensuring that Hamideh complied with all applicable laws, policies, and procedures in carrying out his duties.

159.  Pretel was aware, or should have been aware, of Hamideh's illegal search and seizure of the Plaintiff.

160.  Despite having the authority and ability to investigate or correct Hamideh's conduct, Pretel deliberately chose to take no action.

161.  As a direct and proximate result of Defendants' actions, Plaintiff has suffered harm, including, but not limited to, deprivation of his constitutional rights, emotional distress, fear, anxiety, loss of reputation, embarrassment, humiliation, property damage, and bodily injury.

### THIRTEENTH CAUSE OF ACTION:
**CIVIL LIABILITY FOR CRIMINAL ACTS UNDER OHIO REV. CODE §§ 2307.60 (A)(1) AND 2921.45**
**Interference with Civil Rights**

**(As to Defendant Hamideh)**

162.    Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully restated herein.

163.    Criminal statute Ohio Rev. Code § 2921.45 forbids public servants from depriving any person of a constitutional or statutory right.

164.    Defendant acted under color of office, employment, and authority to knowingly deprive Plaintiff of his civil rights, including his constitutional rights under the First and Fourth Amendments to the U.S. Constitution.

165.    Defendant's acts were willful, egregious, malicious, and worthy of substantial sanction to punish and deter Defendant and others from engaging in this type of unlawful conduct.

166.    As a direct and proximate result of Defendant's unlawful activity, Plaintiff has suffered the above-mentioned damages.

## FOURTEENTH CAUSE OF ACTION:
### Assault and Battery
**(As to Defendant Hamideh)**

167.    Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully restated herein.

168.    Hamideh intentionally attempted to cause, and did cause, apprehension of imminent harmful or offensive contact to Plaintiff.

169.    Hamideh intended to, and did cause, harmful or offensive contact to Plaintiff when he forcefully grabbed the Plaintiff, took his phone, slammed his head and body into the elevator wall, ripped his shirt, and maced him.

170.    Hamideh's conduct was undertaken without Plaintiff's consent and was unlawful, willful, and intentional.

171. In view of all the circumstances surrounding the incident, a reasonable person would find the conduct of Hamideh to be harmful and offensive.

172. Under Ohio Rev. Code § 2307.60, anyone injured by a criminal act has a civil cause of action against the person who committed the offense.

173. Hamideh's actions, as set forth above, constitute criminal acts.

174. As a direct and proximate result of Defendant's actions, Plaintiff has suffered the abovementioned damages as well as great mental anguish, emotional distress, anxiety, humiliation, embarrassment, property damage, and bodily injury.

### FIFTEENTH CAUSE OF ACTION:
### Intentional Infliction of Emotional Distress
### (As to All Defendants)

175. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully restated herein.

176. Defendants intentionally engaged in a course of conduct, as described above, which was outrageous and utterly intolerable in a civilized society.

177. Defendants' conduct was calculated to cause Plaintiff to suffer serious emotional distress.

178. As a result thereof, Defendants' conduct was a direct and proximate cause of Plaintiff's serious and foreseeable emotional distress, and related damages which he suffered thereby.

179. As a proximate result of the actions of Defendants complained of herein, Plaintiff has suffered the abovementioned damages as well as great mental anguish, emotional distress, anxiety, humiliation and embarrassment.

WHEREFORE, Plaintiff hereby demands judgment against Defendants as follows:

a. For an award of damages to compensate Plaintiff for his fear, anxiety, emotional distress, embarrassment, and humiliation suffered as a result of Defendants' unlawful acts;

b.  For an award of punitive damages to deter the Defendants from future violations of the constitutional rights of citizens;

c.  For an award of interest according to law;

d.  For an award of reasonable attorneys' fees and costs incurred in prosecuting this matter; and

e.  All other relief in law and equity to which Plaintiff may be entitled.

*/s/ Matthew S. Okiishi*
Matthew S. Okiishi (0096706)
Finney Law Firm, LLC
4270 Ivy Pointe Blvd., Suite 225
Cincinnati, OH 45245
(513) 943-6659
(513) 943-6669-fax
matt@finneylawfirm.com
*Attorney for Plaintiff*

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

*/s/ Matthew S. Okiishi*
Matthew S. Okiishi (0096706)